UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of CHRISTOPHER ABBEY and
DANIELLE THOMPSON, in her capacity
as the Personal Representative of the
Estate of Christopher Abbey

      Plaintiff,

    v.

DIANE HERING, MARIANE MCKISSICK,
JOHN PURDOM, LARRY CHESTER,
PAULA BURBARY, DALE HOLCOMB,
CORIZON HEALTH INC., QUALITY
CORRECTIONAL CARE OF MICHIGAN,
P.C., SURJIT DINSA, ZIA KAHN, CHAD
WIEBER, and MAX ABLEMAN,

      Defendants.
_____/

Case No. 20-cv-12798

U.S. District Court Judge
Gershwin A. Drain

**ORDER GRANTING IN PART DEFENDANT DINSA'S EMERGENCY MOTION TO STAY (ECF NO. 76), GRANTING IN PART DEFENSE COUNSEL CHAPMAN LAW GROUP'S MOTION TO WITHDRAW AS COUNSEL AND FOR STAY (ECF NO. 77), STAYING CASE FOR 60 DAYS, VACATING REPLY DEADLINE FOR MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 78), AND SETTING STATUS CONFERENCE**

1

## I. INTRODUCTION

On October 16, 2021, Plaintiff the Estate of Christopher Abbey and Danielle Thompson, in her capacity as the Personal Representative of the Estate of Christopher Abbey ("Plaintiff"), filed the instant civil rights action on behalf of Christopher Abbey, a deceased former inmate in the Michigan Department of Corrections ("MDOC"). ECF No. 1. As relevant here, Plaintiff's Amended Complaint brings a single claim for violations of 42 U.S.C. § 1983 and the Eighth Amendment against MDOC contractors Corizon Health, Inc. ("Corizon"), Quality Correctional Care of Michigan, P.C. ("Quality Correctional Care"), Marianne McKissick, P.A.,[1] and Surjit Dinsa, M.D. (collectively the "Corizon Defendants"). ECF No. 33.

Presently before the Court is "Defendant Surjit Dinsa, M.D.'s Emergency Motion to Stay Proceedings 90 Days" (hereinafter "Emergency Motion to Stay"), filed on March 1, 2023. ECF No. 76. Also before the Court is "Defense Counsel Chapman Law Group's and Its Attorney's [sic] Motion to Withdraw As Counsel for

---

[1] Although she is listed as a defendant in the Amended Complaint, ECF No. 33, Summons never issued for Marianne McKissick. Nevertheless, the Corizon Defendants filed a Motion to Dismiss on her behalf. ECF No. 45. At the hearing on the Motion to Dismiss, counsel for Defendants indicated that McKissick is not contesting her lack of service and would defend the action. ECF No. 65, PageID.507 n.2. However, in the year since that hearing, McKissick has not been formally brought into the action.

2

Defendants Corizon Health, Inc. and Quality Correctional Care of Michigan, P.C. and for Defendant Surjit Dinsa, M.D. . . . and for 120-Day Stay on Behalf of All Corizon Defendants, Employees, and/or Agents" (hereinafter "Motion to Withdraw As Counsel and for Stay"), filed on March 14, 2023.  ECF No. 77.  No Party has responded to either motion, and the time for doing so has more than passed.[2]  *See* E.D. Mich. LR 7.1(e).  However, the Court held a hearing on both motions on May 12, 2023, and Plaintiff and the remaining Defendants (hereinafter "MDOC Defendants") concurred in the relief sought.  Thus, for the following reasons as well as those discussed on the record during the hearing, the Court **GRANTS IN PART** Defendant Dinsa's Emergency Motion to Stay (ECF No. 76) and **GRANTS IN PART** Chapman Law Group's Motion to Withdraw As Counsel and for Stay (ECF No. 77).

## II. Background

On February 17, 2023, Tehum Care Services, Inc. d/b/a/ Corizon Health, Inc. ("Tehum" or "Corizon") filed a "Suggestion of Bankruptcy and Notice of Automatic Stay."  ECF No. 75.  The document explains that on February 13, 2023, Tehum filed a voluntary petition for Chapter 11 bankruptcy, which is currently pending before

---

[2] The Court notes that the remaining Defendants concurred in Defendant Dinsa's Emergency Motion to Stay.  ECF No. 76, PageID.617.

the United States Bankruptcy Court for the Southern District of Texas. *Id.* at PageID.610. As a result, there is an automatic stay of, *inter alia*, continuation of judicial proceedings against Tehum that were initiated before the commencement of the Chapter 11 bankruptcy proceedings; any act to obtain possession of property of Tehum's estate or of property from the estate or to exercise control over property of the estate; and any act to collect, assess, or recover a claim against Tehum that arose before the commencement of the Chapter 11 bankruptcy proceedings. 11 U.S.C. § 362(a).

In the Emergency Motion to Stay, counsel for Defendant Dinsa explains that "[f]rom the onset of this lawsuit," Defendant Dinsa and Plaintiff, "have been led to believe that the instant claim was covered by a professional liability insurance policy issued to Defendant [Dinsa] by Tehum Care Services, Inc. d/b/a/ Corizon Health, Inc." ECF No. 76, PageID.614. However, there is now "serious doubt" about the continued viability of Tehum to act as Defendant Dinsa's professional liability carrier. *Id*. Counsel for Defendant Dinsa asserts that there is now a potential conflict of interest in continued representation because counsel was retained pursuant to the professional liability insurance coverage. *Id.* at PageID.615 (citing MRPC 1.7). Counsel thus requested a stay while it retained legal ethics experts to advise on the potential conflict of interest and whether wholesale withdrawal was ethically necessary. *Id*.

4

In the Motion to Withdraw As Counsel and for Stay, counsel for the Corizon Defendants further explain that "[b]y virtue of the bankruptcy[,] the interest of Corizon and its insured(s) are in conflict" such that "[c]ounsel cannot represent one without adversely impacting the duty to the other." ECF No. 77, PageID.631. Counsel for the Corizon Defendants thus seek to withdraw from the matter entirely and also request a stay of at least one hundred and twenty days for Defendant Dinsa to obtain new counsel. *Id.* at PageID.634.

### III. LAW & ANALYSIS

First, whether to permit counsel to withdraw from representation is left to the discretion of the district court. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). A court should consider the relevant rules of professional conduct when making the determination. *See id.* at 537–38. District courts "ought to prohibit" withdrawal when it is "strategically-timed or coercive" or when "it would work severe prejudice on the client or third parties." *Id.* at 538 (citing *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540, 541 (7th Cir. 2002)).

Here, defense counsel's attempt to withdraw is neither "strategically-timed" nor "coercive." *See id.* at 538. Indeed, both Plaintiff and the MDOC Defendants concurred in the requested relief during the March 12, 2023 hearing and neither indicated that they would be prejudiced by the withdrawal. Additionally, while

5

corporate defendants must be represented by counsel, *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018), this matter is already stayed as to Corizon and Quality Correctional Care as a result of the Chapter 11 bankruptcy proceedings. Therefore, the Court can address the need for counsel for Corizon and Quality Correction Care when the stay is lifted. Finally, the Court agrees with defense counsel that Defendant Dinsa's interests have become averse to those of Corizon as it undergoes bankruptcy proceedings. As such, the Court will grant defense counsel's request to withdraw.

Second, this Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis*). However, "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Thus, "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627–28 (6th Cir. 2014) (alteration in original) (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

Here, Defendant Dinsa's has provided ample reason to support granting a stay. Moreover, both Plaintiff and the MDOC Defendants concurred in Defendant Dinsa's request for a stay during the May 12, 2023 hearing. Even if they had not, no other Party would be prejudiced by the stay given that this matter is already stayed as to Corizon and Quality Correctional Care, as a Corizon subsidiary. During the hearing, Plaintiff and the MDOC Defendants requested that any stay apply to all parties to ensure efficient case management. The Court is persuaded that neither judicial economy nor docket efficiency would be served by having the defendants in this matter operating on different timetables. Accordingly, this matter will be stayed in its entirety for a period of sixty days.

### IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Dinsa's Emergency Motion to Stay (ECF No. 76) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Chapman Law Group's Motion to Withdraw As Counsel and for Stay (ECF No. 77) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** for **sixty (60) days**. The facilitation currently scheduled for May 21, 2023 between Plaintiff and the MDOC Defendants shall proceed as planned. The reply deadline for the MDOC Defendants' Motion for Summary Judgment (ECF No. 78) is **VACATED**.

**IT IS FURTHER ORDERED** that the Parties are **ORDERED** to appear before this Court on **July 18. 2023 at 2:00 pm** for a status conference.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 15, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager